# CHRISTIN KINGSTED v. WRIGHT COUNTY CO-OPERATIVE COMPANY.[1]

November 24, 1911.

Nos.17,330—(142).

**Lease — covenant to keep in good repair.**

   A covenant in a lease, obligating the lessor to "keep the premises in good repair," imposes upon him the duty to maintain the premises in as sound condition as when the contract was entered into, and to repair such defects as occur from the elements, or such as arise from decay or deterioration, or other natural causes, but does not impose an obligation to improve the property by the construction of a drain to carry water which in "wet weather" finds its way into the basement.

**Defense stated in answer — surrender of possession.**

   Answer of defendant construed, and *held* to present an issue of fact upon the question whether defendant, as tenant, surrendered the possession of leased premises to plaintiff, the landlord, and an' acceptance thereof by her.

Action in the district court for Wright county to recover $270, balance of rent alleged to be due upon a written lease. The substance of the answer is given in the opinion. At the trial, Hale, J., acting for the judge of the Eighteenth judicial district, denied defendant's motion to amend the answer by adding that, prior to the time of the agreement set out in the complaint, the parties intended the old lease to continue, except as modified, and there was a mutual mistake as to the effect of their acts with reference to the writing of the new lease, and that they understood that the old lease was to be taken in connection with and become a part of the new lease, and granted plaintiff's motion for judgment on the pleadings. From the judgment so entered, defendant appealed. Reversed and new trial granted-

*Henry Spindler* and *Woolley & Johnson,* for appellant.
*J. T. Alley,* for respondent.

[1] Reported in 133 N. W. 399.

BROWN, J.

Plaintiff brought this action to recover a sum of money claimed to be due as rent under a lease to defendant of a store building. The trial court ordered judgment for plaintiff on the pleadings, and defendant appealed.

The complaint set out the lease under which recovery was sought, the failure to pay, and demanded judgment for the amount due. The lease so pleaded the court held, and properly so, constituted a complete contract between the parties, and plaintiff's motion for judgment was granted on the ground that the answer stated no defense to the action. Whether the answer stated a defense is, therefore, the only question involved.

It appears from the answer that, some time prior to the date of the lease set out in the complaint, the premises had been leased and let to defendant under another, or prior, written lease, by the terms of which the lessor agreed to keep the building "in good repair during the life of this lease." The answer further alleges that it was the intention of the parties, when making the new lease, to continue in force all the provisions of the old lease, and particularly the provision for repairs, and in other respects not here material, and that by mutual mistake such intention was not expressed in the new writing. It then alleges that the lessor failed to keep the premises in repair, in this: That large quantities of water came into the basement of the building during seasons of "wet weather," and that the lessor failed to provide a drain to carry the same off; that defendant required the use of the basement in its business, and was prevented therefrom by this failure of the lessor. Defendant therefore demanded that the lease made the basis of the action be reformed and corrected, and made to express the intention and understanding of the parties, and that defendant have judgment that plaintiff take nothing by the action because of her failure to construct the drain. The answer further alleged that by reason of the condition of the basement the premises became untenantable, and defendant vacated the same, surrendering possession thereof to plaintiff, which surrender plaintiff accepted. There was a reply, putting in issue the allegations of new matter.

1. We concur with the learned trial court in the conclusion that the answer, in so far as it attempted to justify an abandonment of the premises for the alleged failure of plaintiff to construct a drain to carry the water from the basement, stated no defense to the action. The condition of the old lease, requiring the lessor to keep the building in repair, did not impose upon him an obligation to make improvements or betterments. Harris v. Corlies, Chapman & Drake, 40 Minn. 106, 41 N. W. 940, 2 L.R.A. 349. The defendant took the premises in their condition when the contract was made, the building was not then out of repair, and the covenant for repairs can be referred only to such defects in the building as subsequently arose, injury or damage arising from the elements, or natural decay incident to the property and its use. The fact that the building, at the time the contract was entered into, had no sewer connection or drain to carry off water coming into the basement, did not render it out of repair within the meaning of the contract. Such a drain was no part of the premises, and to put one in would constitute, not a repair, but an improvement, and clearly not required under the covenant to keep in repair. 34 Cyc. 1336; 24 Cyc. 1088, and cases cited. It is not alleged in the answer what occasioned the appearance of water in the basement. It is not charged that it was by reason of any defect in the foundation, or by reason of improper construction or want of repair, and we are bound to assume that it came there from natural causes—a condition often present in municipalities having no adequate sewer system. It follows that the answer, conceding it to contain all the allegations sought to be included therein by amendment on the trial, states no defense to the action in respect to this branch of the case.

2. But we are unable to concur with the trial court that the further allegations that defendant surrendered the premises to plaintiff and that plaintiff accepted the same do not present an issue of fact. It is probable, as suggested by plaintiff's counsel, that this point was not pressed upon the attention of the court below at the time the motion for judgment was under consideration. But this does not appear of record, and we must treat it as though not raised

for the first time in this court. We have only to consider whether the answer sufficiently pleads surrender and acceptance.

The answer alleges "that by reason of such neglect and failure to drain said basement, and render it fit for use by defendant, as plaintiff should have done under said lease, the said basement was wholly untenantable, and the defendant was obliged to and did vacate said premises; that defendant did so vacate said premises and surrender the possession thereof on April 1, 1910;    *    *    *    that the plaintiff accepted such surrender of possession of said premises." We are clear that these allegations presented an issue of fact upon which defendant had the right to be heard. It is not important that the surrender of possession was because of the failure of plaintiff to construct a drain in the basement, which we have already held was not required of her under the contract. If for any reason, valid or invalid, defendant asserted the right to surrender, and plaintiff acquiesced therein and accepted possession, the relations of the parties as landlord and tenant ceased, and plaintiff cannot recover. This issue being presented, the cause must go back for the trial thereof.

Judgment reversed, and new trial granted.